IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-19-56 |
| | * | |
| DEVAN MACK | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM & ORDER</u>**

Now pending is Devan Mack's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 52). Mack seeks relief on the basis that his health conditions, namely that he is obese, pre-diabetic, and has hypertension, put him at risk of serious illness from COVID-19 and that FCI Hazelton, where he is currently incarcerated, has had an outbreak of the coronavirus.

The court may consider a defendant's compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1]

It appears Mack has properly exhausted his administrative remedies as more than 30 days have elapsed since his initial request for compassionate release to his warden. (ECF 62-1). Mack has

---

[1] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

not provided the court with medical records that would support his assertion that he has several health conditions that may increase his risk of severe illness from COVID-19, but even assuming his health conditions present an "extraordinary and compelling" reason for his release in light of the current coronavirus pandemic, *see, e.g.*, *United States v. Mobley*, No. CR CCB-17-144, 2020 WL 6891398, at *2 (D. Md. Nov. 24, 2020), the court will deny Mack's motion because the balance of the § 3553(a) factors does not weigh in favor of his release.

Mack is thirty-five years old and is serving a 180-month sentence for the possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g). (ECF 42, Judgment). This offense was serious, and carried a mandatory minimum sentence of fifteen years. Mack stipulated as part of his plea agreement that he sold two 9mm semi-automatic pistols, one of which had been reported stolen, to a Baltimore Police Department undercover officer. During the transaction, he advised the officer that he had other firearms and an additional magazine for sale. (ECF 34, Plea Agreement, Statement of Facts). Though this was Mack's first conviction involving weapons, his criminal record includes four state convictions for drug distribution, and he was on parole when he committed the instant offense. (ECF 40, Presentence Report ¶¶ 26–34). While the court is certainly sympathetic to Mack's concern that he is at risk of severe illness from COVID-19, the court is not prepared to agree that a reduction in sentence to time served, at approximately 26 months, is sufficient to reflect the nature, circumstances, and seriousness of the offense, promote respect for the law, or afford adequate deterrence. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(B).

Accordingly, the motion (ECF 52) is Denied.

So Ordered this __19th__ day of May, 2021.

                                                    __/S/_____
                                                   Catherine C. Blake
                                                   United States District Judge