IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DEVAN MACK. | Crim. Action No. CCB-19-056<br>Civil Action No. CCB-21-2302 |

### MEMORANDUM & ORDER

On November 1, 2019, Devan Mack pled guilty to one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g). Plea Agreement, ECF 34; Rearraignment Tr., ECF 57. Because of several prior state narcotics offenses, Mack was subject to enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924. Plea Agreement ¶ 7. Sentencing was delayed both to permit Mack to attempt to set aside one or more of his prior convictions, and because of the coronavirus pandemic. *See* Rearraignment Tr. at 15-17. The attempt to set aside any of his four prior convictions was unsuccessful, and on November 3, 2020, Mack was sentenced to the mandatory minimum of 180 months incarceration. Sentencing Tr. at 21, ECF 59; J., ECF 42.

Despite having waived his appeal rights, on January 15, 2021, Mack filed, pro se, an untimely notice of appeal, Notice of Appeal, ECF 44, which was dismissed by the Fourth Circuit, CA4 J., ECF 65. Then on September 8, 2021, Mack filed a motion to vacate his sentence and conviction under 28 U.S.C. § 2255, Mot. to Vacate, ECF 67, which was opposed by the government, Opp'n to Mot. to Vacate, ECF 69, and is ready for ruling.[1] It will be denied.

---

[1] Mack also filed a motion for compassionate release on March 9, 2023. Mot. for Compassionate Release, ECF 70. That motion remains under consideration.

While somewhat difficult to follow, Mack appears to claim that the court lacked jurisdiction over the indictment, and that counsel was ineffective for failing to object to a "sham" prosecution "without the benefit of a real grand jury indictment." Mot. to Vacate at 16-18. The argument is both factually and legally frivolous. *See* Indictment, ECF 1; 18 U.S.C. § 3231. To the extent Mack claims that his trial counsel failed to note an appeal, he does not even allege that he asked counsel to do so. *Cf. United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). Finally, the fact of a prior conviction does not need to be proved to a jury, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and in any event Mack did not object to the criminal history set forth in the Presentence Report, which the court adopted at sentencing. Sentencing Tr. at 5-6, 21.

Accordingly, it is hereby Ordered that:

1. The motion to vacate (ECF 67) is **DENIED** and **DISMISSED** without an evidentiary hearing;
2. No certificate of appealability will be issued;
3. The Clerk shall Close this civil case; and
4. The Clerk shall send a copy of this Memorandum and Order to Devan Mack and to counsel of record.

   1/22/2024  
Date

   /s/  
Catherine C. Blake  
United States District Judge