IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.   CCB-19-0056 |
| DEVAN MACK, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM AND ORDER

On November 1, 2019, Devan Mack pled guilty to being a felon in possession of a firearm (ECF 33, 34). After he was given time to challenge the prior drug offenses that qualified him as an Armed Career Criminal, under 18 U.S.C. § 924(e), a challenge that was not successful, on November 23, 2020, he was sentenced to the mandatory minimum of 15 years in prison. (ECF 42).[1] His initial motion for compassionate release (ECF 52) was denied (ECF 63), as was his motion under 28 U.S.C. § 2255 (ECF 67, 76).

Now pending is another motion for compassionate release (ECF 70), which has been opposed by the government (ECF 85). Mr. Mack claims "extraordinary and compelling circumstances" because, he argues, his ACCA status would no longer be enforced by the government and his prior offenses do not qualify as "serious drug offenses." The issue of his prior offenses has already been litigated, (ECF 59, at 6:20 – 7:9) and he has shown no reason why the earlier determinations and concessions at sentencing should be set aside. While the court may consider current sentencing practices in evaluating a motion for compassionate release, *see, e.g.*, *United States v. Wright*, No. ELH-08-381, 2022 WL 2104489, at *16 (D. Md. June 10, 2022)

---

[1] The delay was caused in part by COVID.

(considering, on motion for compassionate release, that the defendant's sentence was "arguably in excess of more recent sentences in this District for equally serious crimes"), Mack has presented no evidence that the Attorney General's memorandum on which he relies, which does not constitute a change in the law, has had such an effect on sentencing practices as to amount to an extraordinary and compelling reason for release. Nor does he meet the criteria under 1B.1.13(b)(6), as he has not served 10 years.

Finally, for the same reasons stated in the court's earlier Memorandum Opinion (ECF 63), the factors under 28 U.S.C. § 3553(a) do not favor Mr. Mack. His offense was quite serious, he has a criminal history of drug distribution, and he has served less than half of his sentence. The court finds that early release is not warranted at this time.

Accordingly, it is hereby Ordered that:

1. Devan Mack's motion for compassionate release (ECF 70) is **DENIED**;

2. The Clerk is directed to send a copy of this Memorandum and Order to Mr. Mack and counsel of record.

Date:   October 23, 2024

BY THE COURT:

/S/ CATHERINE C. BLAKE
Catherine C. Blake
United States District Judge